Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
OTKUPMAN LAW FIRM, A LAW CORPORATION
5743 Corsa Ave., Suite 123,
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Nazo Koulloukian, SBN 263809
nazo@koullaw.com
Hilary Silvia, Of-Counsel, SBN 237993
hilary@koullaw.com
KOUL LAW FIRM, APC
217 South Kenwood Street
Glendale, CA 91205
Telephone: (213) 325-3032
Facsimile: (818) 561-3938

Attorney for Plaintiff,
Marshon Toney-Joseph, on behalf of herself and all others similarly situated, and on behalf of the general public

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARSHON TONEY-JOSEPH, on behalf of herself and all others similarly situated, and on behalf of the general public,

Plaintiff,

vs.

WALGREEN CO., an Illinois Corporation, and DOES 1 through 10, inclusive.

CASE NO.: 8:26-cv-00331

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

1. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**
2. **FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**
3. **FAILURE TO PAY ALL WAGES IN VIOLATION OF (LABOR CODE §§ 510, 1194, 1194.2);**
4. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE**

**WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e));**

5. **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF (LABOR CODE § 2802);**
6. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;**
7. **PENALTIES PURSUANT TO LABOR CODE SECTION 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a),(e), 204(a)(b), 2802, 210, 218**

PLAINTIFF, Marshon Toney-Joseph ("Plaintiff"), on behalf of herself and other "aggrieved employees" complains of Defendants as follows:

## I. INTRODUCTION

1. This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiff and certain individuals who are employed by, or were formerly employed by, Walgreen Co. and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within California.

2. For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period"). Plaintiff and Defendant's California hourly, non-exempt employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist

Defendant's needs. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

3. Plaintiff and Defendant's California hourly, non-exempt employees were required to work off the clock for Defendant. Plaintiff and Defendant's California hourly, non-exempt employees were instructed to work approximately 30 minutes after they had clocked out to finish their assignments. Plaintiff and Defendant's California hourly, non-exempt employees were also required to use their personal cell phone for work-related activities while off the clock, such as texting/calling supervisor/boss, texting/calling co-workers. It took Plaintiff on the average of 15 minutes to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California hourly, non-exempt employees if these tasks were completed outside of her regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California hourly, non-exempt employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

4. Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times

the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

5. Defendants failed to issue Plaintiff and Defendant's California hourly, non-exempt employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5). Plaintiff and the California employees wage statements' failed to accurately state the name and address of the legal entity that is the employer in violation of Labor Code § 226(a)(8), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

6. Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

7. Defendant also failed to reimburse Plaintiff and Defendant's California employees for their uniforms and uniform maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

8. Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

9. Plaintiff and all other affected employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendants' California employees.

10. Plaintiff, on behalf of herself and all proposed Plaintiff Class members (specifically, the "California Class" as defined herein), brings this action pursuant to Labor Code §§ 226.7, 512, and 558, Labor §§ 510, 1194, 1194.2, Labor § 226(a)(e), Labor Code § 2802, Labor Code § 210, 218, Business & Professions Code § 17200, et seq.

11. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants operate within the State of California. The unlawful acts alleged herein took place in Huntington Beach, California.

## II. PARTIES

### A. PLAINTIFF

12. Plaintiff Marshon Toney-Joseph is a resident of Lakewood, California. At all times relevant herein, she was employed by Defendants in Orange County, California. Plaintiff was employed by Defendants as a non-exempt, hourly employee in California, including in and around the city of Huntington Beach, County of Orange. During Plaintiff's employment:

A. Plaintiff was forced to receive inaccurately itemized and deficient wage statements, in violation of Labor Code § 226(a).

B. Plaintiff was required to work without meal and rest periods, nor compensation in lieu thereof, as required by the Labor Code and relevant Wage Orders.

C. Plaintiff was required to work either in excess of eight hours per workday or in excess of forty hours per workweek without receiving compensation at a rate of one and one half the regular rate of pay.

D. Defendant also failed to reimburse Plaintiff and Defendant's California employees for reasonable and necessary expenses in the course of their job duties, in violation of Labor Code § 2802.

**B. DEFENDANTS**

14. Defendant Walgreen Co. is an Illinois Corporation doing business in Huntington Beach, California. It operates within the State of California. Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in Huntington Beach, California.

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

16. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed Class.

**FACTUAL ALLEGATIONS**

17. During her employment with Defendant, Plaintiff was routinely denied her legally required meal and rest breaks while employed by Defendant. California law requires employers to authorize and permit uninterrupted 30-minute meal periods and 10-minute rest breaks. However, on numerous occasions, Plaintiff was required to continue working through both her meal and final rest breaks in order to meet Defendant's business needs and cover her assigned duties. By way of example and

without limitation, Plaintiff was denied both her lunch break and last rest break on at least the following dates: February 15, 2024; March 15, 2024; March 16, 2024; March 24, 2024; March 25, 2024; April 3, 2024; April 8, 2024; April 15, 2024; April 29, 2024; April 30, 2024; May 7, 2024; May 10, 2024; May 13, 2024; May 21, 2024; June 10, 2024; June 17, 2024; June 21, 2024; August 16, 2024; August 18, 2024; August 24, 2024; August 25, 2024; December 19, 2024; January 14, 2025; January 21, 2025; February 7, 2025; February 24, 2025; February 25, 2025; February 26, 2025; February 28, 2025; March 3, 2025; March 4, 2025; March 5, 2025; March 17, 2025; April 4, 2025; May 28, 2025; June 14, 2025; July 5, 2025; July 15, 2025; and July 18, 2025. On each of these days, Plaintiff was not relieved of duty and was instead required to remain at her workstation, assist customers, and/or perform job duties during the period when her meal and rest breaks should have occurred. Plaintiff did not voluntarily skip her breaks; rather, she was effectively denied them because Defendant's scheduling, understaffing, and direct demands made it impossible or impracticable to take uninterrupted breaks. Despite these violations, Defendant failed to provide Plaintiff with premium wages of one additional hour of pay at her regular rate for each day a compliant meal and rest break was not provided, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Wage Order No. 5-2001, § 12.

18. Plaintiff and other California hourly, non-exempt employees were required to perform compensable work off the clock for Defendant without receiving all wages owed. During specific workweeks within the liability period, Plaintiff worked more than forty (40) hours in a workweek and more than eight (8) hours in a workday, yet was not paid for all hours worked. For example, during the workweek immediately preceding July 1, 2025 (approximately June 23–29, 2025), Plaintiff was scheduled for and worked approximately forty (40) hours on the clock, but was also required to perform an additional approximately thirty (30) minutes of work after clocking out on

at least three (3) shifts that week, including assisting customers at the register and closing out transactions pursuant to Defendant's line-control policy. As a result, Plaintiff worked in excess of forty (40) hours during that workweek but was not paid overtime compensation at one and one-half times her regular rate for those additional hours.

19. Additionally, during the Thanksgiving holiday workweek of 2024 (approximately November 25–December 1, 2024), Plaintiff worked shifts in excess of eight (8) hours in a day and was required to remain on the premises after clocking out to complete assigned duties due to staffing shortages. Defendant knew or should have known that Plaintiff was performing this off-the-clock work because managers observed Plaintiff assisting customers and completing closing tasks after she had clocked out. Nevertheless, Defendant failed to record this time or compensate Plaintiff for all straight-time and overtime wages owed.

20. Further, on a regular basis throughout her employment, Plaintiff was required to use her personal cellular telephone to send and respond to work-related text messages and calls from supervisors and co-workers outside of her scheduled shifts, including communications regarding scheduling, shift coverage, and store operations. Plaintiff spent approximately fifteen (15) minutes per day performing these tasks during workweeks in which she was otherwise scheduled near or at forty (40) hours. This uncompensated time resulted in additional unpaid straight-time and overtime wages in violation of Labor Code §§ 510, 1194, and 1194.2.

Defendants failed to issue Plaintiff and Defendant's California hourly, non-exempt employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of

Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5). Plaintiff and the California employees wage statements' failed to accurately state the name and address of the legal entity that is the employer in violation of Labor Code § 226(a)(8), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

21. Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California hourly, non-exempt employees timely, accurate, itemized wage statements in accordance with Labor Code § 226. The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

22. Defendant also failed to reimburse Plaintiff and Defendant's California employees for their uniforms and uniform maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant.

23. Defendant required Plaintiff and other employees to regularly use their personal cell phones to perform work-related tasks, such as calling and texting supervisors and co-workers regarding scheduling, shift coverage, and customer service issues, often while off the clock. Plaintiff incurred personal cell phone charges associated with these work-related communications and paid her most recent phone bill on or about August 1, 2025. Defendant had actual knowledge that Plaintiff was using her personal cell phone for Defendant's business purposes because supervisors and managers directly contacted Plaintiff on that device to give instructions and require

work-related communications. For instance, Plaintiff corresponded with her manager, Michael Goodoy, via text on or about July 26, 2025, when he asked if she could come in to work; on or about August 6–7, 2025, regarding her disability leave; and again on August 14, 2025, regarding work matters. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

24. Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

25. Plaintiff and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendants' California employees.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

27. Plaintiff seeks to represent a class composed of and defined as follows:

## THE CALIFORNIA CLASS

28. All current and former California employees of Defendants since the date four (4) year prior to the filing of this complaint.

29. Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

30. This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. NUMEROSITY

31. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over seventy-five (75) Class members in the State of California.

32. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all members of the proposed Class is not practicable.

### B. COMMONALITY

33. There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, whether Defendants failed to provide members of the Class with wage statements that fully and accurately

itemize the requirements set forth in Labor Code §226(a), accurate final wages, and final wages on the day of termination and or within seventy-two (72) hours of separation and whether the rest periods were timely made available.

**C. TYPICALITY**

34. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D. ADEQUACY OF REPRESENTATION**

35. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. SUPERIORITY OF CLASS ACTION**

36. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's failure to comply with Labor Code 226(a).

37. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7, 512 and 558)

38. Plaintiff incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

40. Plaintiff was routinely denied her legally required meal and rest breaks while employed by Defendant. California law requires employers to authorize and permit uninterrupted 30-minute meal periods, yet on numerous occasions Plaintiff was required to continue working through her meal breaks in order to meet Defendant's business needs and cover her assigned duties. By way of example and without limitation, Plaintiff was denied her lunch break on at least the following dates: February 15, 2024; March 15, 2024; March 16, 2024; March 24, 2024; March 25, 2024; April 3, 2024; April 8, 2024; April 15, 2024; April 29, 2024; April 30, 2024; May 7, 2024; May 10, 2024; May 13, 2024; May 21, 2024; June 10, 2024; June 17, 2024; June 21, 2024; August 16, 2024; August 18, 2024; August 24, 2024; August 25, 2024; December 19, 2024; January 14, 2025; January 21, 2025; February 7, 2025; February 24, 2025; February 25, 2025; February 26, 2025; February 28, 2025; March 3, 2025; March 4, 2025; March 5, 2025; March 17, 2025; April 4, 2025; May 28, 2025; June 14, 2025; July 5, 2025; July 15, 2025; and July 18, 2025. On each of these days, Plaintiff was not relieved of duty and was instead required to remain at her workstation, assist customers, and/or perform job duties during the period when her breaks should have occurred. Plaintiff did not voluntarily skip her breaks; rather, she was effectively denied them

because Defendant's scheduling, understaffing, and direct demands made it impossible or impracticable to take uninterrupted breaks. Despite these violations, Defendant failed to provide Plaintiff with premium wages of one additional hour of pay at her regular rate for each day a compliant meal was not provided, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Wage Order No. 5-2001, § 12.

41. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all meal period compensations, which she was owed since she commenced to work for Defendant, according to proof.

42. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

43. Wherefore, Plaintiff seeks to represent request relief as described below.

**<u>SECOND CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7, 512 and 558)**

44. Plaintiff incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

46. Plaintiff and Defendants' California employees were routinely unable, and not authorized to take their 10-minute rest periods for every shift they worked. On numerous occasions Plaintiff was required to continue working through her rest breaks in order to meet Defendant's business needs and cover her assigned duties. By way of example and without limitation, Plaintiff was denied arest break on at least the following dates: February 15, 2024; March 15, 2024; March 16, 2024; March 24, 2024; March 25, 2024; April 3, 2024; April 8, 2024; April 15, 2024; April 29, 2024; April 30,

2024; May 7, 2024; May 10, 2024; May 13, 2024; May 21, 2024; June 10, 2024; June 17, 2024; June 21, 2024; August 16, 2024; August 18, 2024; August 24, 2024; August 25, 2024; December 19, 2024; January 14, 2025; January 21, 2025; February 7, 2025; February 24, 2025; February 25, 2025; February 26, 2025; February 28, 2025; March 3, 2025; March 4, 2025; March 5, 2025; March 17, 2025; April 4, 2025; May 28, 2025; June 14, 2025; July 5, 2025; July 15, 2025; and July 18, 2025. On each of these days, Plaintiff was not relieved of duty and was instead required to remain at her workstation, assist customers, and/or perform job duties during the period when her breaks should have occurred. Plaintiff did not voluntarily skip her breaks; rather, she was effectively denied them because Defendant's scheduling, understaffing, and direct demands made it impossible or impracticable to take uninterrupted breaks. . Moreover, Defendants failed to pay premium wages of one hour's pay for each missed rest break to Plaintiff and Defendants' California employees who were denied timely rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

47. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all rest period compensations, which she was owed since she commenced to work for Defendant, according to proof.

48. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

49. Wherefore, Plaintiff seeks to represent request relief as described below.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES IN VIOLATION OF**

**(LABOR CODE §§ 510, 1194, 1194.2)**

50. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

51. During the liability period, Defendant failed to pay all wages to Plaintiff and Defendant's California employees.

52. Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Plaintiff and Defendant's California employees were instructed to work approximately 30 minutes after they had clocked out to finish their assignments. Plaintiff routinely worked in excess of eight (8) hours per day and/or forty (40) hours per week, including covering absent employees' shifts and working off the clock to assist with customer checkouts. For example, Plaintiff was often required to continue performing work duties after clocking out at the timeclock located near the freezer/cooler area, including helping customers and closing out transactions to comply with Defendant's policy limiting the number of customers in line.

53. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as texting/calling supervisor/boss, texting/calling co-workers. It took Plaintiff an average of 15 minutes per day to complete these tasks. For instance, Plaintiff corresponded with her manager, Michael Goodoy, via text on July 26, 2025; on or about August 6–7, 2025; and again on August 14, 2025, regarding work matters. These communications were directly related to Defendant's business operations and were performed off the clock at Defendant's direction and for its benefit. Despite performing compensable work, these hours were not recorded in the timekeeping system and were therefore excluded from Plaintiff's wage statements, which failed to accurately reflect all hours worked and all overtime wages earned. . . As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

54. In addition, Plaintiff was frequently denied legally required meal and rest breaks due to chronic understaffing. Although Plaintiff missed or had her breaks interrupted on numerous occasions—including, by way of example, on February 15, 2024; March 16, 2024; April 3, 2024; and May 7, 2024—Defendant's wage statements failed to reflect premium pay owed for missed or shortened meal and rest periods.

55. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

56. As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiff and Defendant's California employees have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

## FOURTH CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a),(e))

58. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

59. Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, and all hourly rates in effect, for Plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

60. Defendant failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendant failed to compensate Plaintiff and Defendant's California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5). Moreover, Plaintiff and the California employees wage statements' failed to accurately state the name and address of the legal entity that is the employer in violation of Labor Code § 226(a)(8), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendant's failure to pay all overtime wages due. Since the wage statements provided to Plaintiff failed to accurately reflect the total number of Plaintiff's worked hours, these violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendant's California employees.

61. Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

62. The wage statements provided to Plaintiff and members of the Class fail to accurately itemize in wage statements total gross and net wages earned, and all hourly rates in effect for Plaintiff. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff has suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802

68. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

69. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

70. Defendant required Plaintiff and other employees to regularly use their personal cell phones to perform work-related tasks, such as calling and texting supervisors and co-workers regarding scheduling, shift coverage, and customer service issues, often while off the clock. For example, Plaintiff incurred personal cell phone charges associated with these work-related communications and paid her most recent phone bill on or about August 1, 2025. Defendant had actual knowledge that Plaintiff was using her personal cell phone for Defendant's business purposes because supervisors and managers directly contacted Plaintiff on that device to give instructions and require work-related communications. Despite such knowledge, Defendant failed and refused to reimburse Plaintiff for these expenses.

71. Defendant also failed to reimburse Plaintiff and Defendant's California employees for their uniforms and uniform maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred

reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

72. Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and cost, under Labor Code § 2802.

73. Plaintiff also requests relief as described below.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE § 17200**

77. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

78. This is an Action for Unfair Business Practices. Plaintiff Marshon Toney-Joseph brings this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's California employees as a result of Defendant's failure to comply with the labor code sections as set out above. Plaintiff and Defendant's California employees seek to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

79. Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

80. *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business practices.

81. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions*

*Code* § 17200, *et seq*., depriving Plaintiff, of rights, benefits, and privileges guaranteed to Plaintiff under law.

82. Defendants' conduct, as alleged herein, constitutes unfair competition in violation of § 17200 *et. seq.* of the *Business & Professions Code*.

83. As a proximate result of the above mentioned acts of Defendants, Plaintiff has been damaged in a sum as may be proven.

84. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or Plaintiff, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff to the money Defendants have unlawfully failed to pay.

**<u>SEVENTH CAUSE OF ACTION</u>**

**PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 204(a)(b), 2802, 210, 218**

85. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

86. As a result of the acts alleged herein, Plaintiff seeks penalties under Labor Code § 2698 *et seq.* because of Defendants' violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 204(a)(b), 2802, 210, 218.

87. Defendants also failed to timely pay Plaintiff and other aggrieved employees all wages earned in accordance with Labor Code § 204(a)(b). Defendants pay employees on a bi-weekly basis and failed to pay all wages earned no later than

seven calendar days following the close of the payroll period, as required. Due to the off-clock work and overtime violations described herein, Plaintiff and aggrieved employees did not receive all wages in a timely manner as required by Labor Code §§ 204(a)(b) and 201.3. Additionally, Defendants failed to keep accurate payroll records as required by Labor Code § 1174(d). Defendants failed to maintain complete and accurate records of all hours worked by Plaintiff and aggrieved employees, including the off-clock work described herein. These failures constitute independent violations of Labor Code § 1174(d) for which civil penalties are recoverable under PAGA.

88. For each such violation, Plaintiff and all aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

a. With respect to the violation of Labor Code § 2699(f) for violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 204(a)(b), 2802, 210, 218, $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

89. These penalties will be allocated 75% to the Labor Workforce Development Agency, and 25% to the affected employees.

90. On April 18, 2025, Plaintiff sent a letter, by certified mail, return receipt requested, to the LWDA and Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.* **(Exhibit "A")**. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of April 18, 2025. Plaintiff may therefore commence this action to seek penalties pursuant to Labor Code § 2698 *et seq.*

91. Wherefore, Plaintiff and the aggrieved employees he seeks to represent

request relief as described herein.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof

2. That Defendants are found to have violated the requirements of Labor Code § 226(e) for failure to comply with itemized employee wage statement provisions.

3. That Defendants are found to have violated the requirements of Labor Code § 226.7 for failure to provide meal and rest periods or compensation in lieu thereof.

4. That Defendants are found to have violated the requirements of Labor Code § 510 for failure to pay all wages.

5. That Defendants are found to have violated the requirements of Labor Code § 1194.2 for failure to pay all wages.

6. That Defendants are found to have violated the requirements of Labor Code § 2802 for failure to reimburse for business expenses.

7. That Defendants are found to have violated the requirements of Labor Code § 210 for failure to pay all hours worked, including overtime hours worked.

8. That Defendants are found to have violated the requirements of Business and Professions Code § 17200 et seq.;

9. For penalties and other relief pursuant to Labor Code § 2698 et seq. for Plaintiff and all other aggrieved employees;

10. An award providing for payment of costs of suit pursuant to Labor Code

§ 2699(g)(1);

11. An award of attorneys' fees pursuant to Labor Code § 2699(g)(1);

12. An award of prejudgment and post-judgment interest;

13. An award providing for payment of costs of suit;

14. An award of attorneys' fees; and

15. Such other and further relief as this Court may deem just and proper.

Dated: March 9, 2026

OTKUPMAN LAW FIRM,
A Law Corporation

By: ______________________________

ROMAN OTKUPMAN
Attorneys for Plaintiff,
MARSHON TONEY-JOSEPH

KOUL LAW FIRM, APC

______________________________

Nazo Koulloukian, Esq.
KOUL LAW FIRM
Attorneys for Plaintiff,
MARSHON TONEY-JOSEPH

# EXHIBIT A

**OTKUPMAN LAW FIRM, A LAW CORPORATION**
**5743 Corsa Ave, Suite 123**
**Westlake Village, CA 91362**
**Tel.: 818-293-5623**
**Fax: 888-850-1310**

April 18, 2025

**VIA ELECTRONIC FILING**
Labor & Workforce Development Agency

**VIA CERTIFIED MAIL**
Walgreen Co.
108 Wilmont Road
Deerfield, IL 60015
Defendant certified mail # 9589 0710 5270 2390 8673 52

**VIA CERTIFIED MAIL**
Agent for Service of Process
1505 Corporation
CSC – Lawyers Incorporating Service
Koy Saechao
2710 Gateway Oaks Drive
Sacramento, CA 95833
Agent certified mail # 9589 0710 5270 2390 8673 69

**VIA CERTIFIED MAIL**
Walgreen Co.
200 Wilmont Rd.
Deerfield, IL 60015
Defendant certified mail # 9589 0710 5270 2390 8673 45

**VIA CERTIFIED MAIL**
Walgreens
17522 Beach Blvd
Huntington Beach, CA 92647
Defendant certified mail # 9589 0710 5270 2390 8673 38

Re: ***Marshon Toney-Joseph v. Walgreen Co., Walgreens – Compliance Letter of California Labor Code § 2698 – Private Attorneys General Act***

Dear Sir or Madam:

This office represents Marshon Toney-Joseph ("Plaintiff"), a former California employee of Walgreen Co., Walgreens ("Defendants"). The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et seq.*

Our client works for Defendant in Southern California. Herein we set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to our client and other of its California non-exempt employees.

Plaintiff began working for Defendants on or about February 12, 2024. While working for Defendant as a Shift Lead, Plaintiff was earning ($18.43) dollars per hour.

Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Plaintiff and Defendant's California employees were instructed to work approximately 30 minutes after they had clocked out to finish their assignments. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as texting/calling supervisor/boss, texting/calling co-workers. It took Plaintiff on the average of 15 minutes to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of her regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff

and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5). Plaintiff and the California employees wage statements' failed to accurately state the name and address of the legal entity that is the employer in violation of Labor Code § 226(a)(8), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records and required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

Our client further alleges that Defendants paid her and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b) and 201.3.

Defendant also failed to reimburse Plaintiff and Defendant's California employees for their uniforms and uniform maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary

expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

We invite Defendants or its attorney(s) to contact our office to discuss this matter, including whether an early resolution of the claims can be reached.

Our office awaits your response.

Very truly yours,

OTKUPMAN LAW FIRM

ROMAN OTKUPMAN