UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 26-331 PA (MAAx) | | Date | March 19, 2026 |
|---|---|---|---|---|
| Title | Marshon Toney-Joseph, et al. v. Walgreen Co., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS — ORDER TO SHOW CAUSE

Plaintiff Marshon Toney-Joseph ("Plaintiff") initiated this putative class action against defendant Walgreen Co. ("Defendant" or "Walgreens") in the Superior Court for the County of Orange on June 24, 2025. Defendant removed the action to this Court on February 12, 2026, alleging this Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

On February 17, 2026, Defendant filed a Notice of Related Cases and Pendency of Other Actions and Proceedings Pursuant to Local Rule 83-1. (Docket No. 4 ("Notice of Related Cases").) In the Notice of Related cases, Walgreens represents that this action is related to another action pending before this Court, Dennis Brown v. Walgreen Co., et al., No. CV 25-10323-PA (MAAx). In addition, Walgreens identifies four actions pending in California state courts, each of which Walgreens asserts involves "overlapping parties, claims, allegations, theories, employee groups, and timeframes at issue" as the Toney-Joseph Action. Those actions include: (1) Jazmine G. Ayala v. Walgreen Co., Walgreen Pharmacy Midwest, LLC filed in San Bernardino Superior Court as Case No. CIVSB2428728 on September 19, 2024; (2) Jazmine G. Ayala v. Walgreen Co., Walgreen Pharmacy Midwest, LLC, filed in San Bernardino Superior Court as Case No. CIVSB2435572 on November 26, 2024; (3) Juan Rodrigo Caballero v. Walgreen Co., filed in Los Angeles Superior Court as Case No. 25STCV12912 on May 2, 2025; and (4) Kevin Gonzalez Bello v. Walgreen Co. et al., filed in Los Angeles County Superior Court as Case No. 26STCV02702 on January 27, 2026 (collectively the "State Court Actions").

Based on Walgreens' representations in the Notice of Related Cases, it appears that this action may be subject to the Colorado River doctrine, pursuant to which a federal court may abstain from a case out of deference to parallel litigation brought in state court. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). A court should consider several factors in deciding whether to abstain: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits;

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 26-331 PA (MAAx) | Date | March 19, 2026 |
|---|---|---|---|
| Title | Marshon Toney-Joseph, et al. v. Walgreen Co., et al. | | |

(6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." R.R. Street & Co. v. Transp. Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011) (citing Holder v. Holder, 305 F.3d 854, 870 (9th Cir. 2002)). "'These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist.'" Coal. for Clean Air v. VWR Int'l, LLC, 922 F. Supp. 2d 1089, 1110 (E.D. Cal. 2013) (quoting Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1257 (9th Cir.1988)). The threshold question in determining whether abstention is appropriate under Colorado River is whether the federal and state court actions are "substantially similar"; "exact parallelism" is not required. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989) (citations omitted).

Accordingly, the Court hereby orders the parties to show cause in writing why this action should not be stayed pending resolution of one or more of the State Court Actions. Each party shall file a response on or before **April 2, 2026**. The parties are warned that failure to respond to this Order may result in the imposition of sanctions.

IT IS SO ORDERED.